UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Waseem Mustafa; Lorin Mustafa; Radjindre K. Bhoelai; Roger R. Cottrell; Jennifer A. Cottrell; Shafiqua Janetkhan; Hayat Janetkhan; Blia Tou Lee; May Lee; Trang Le; Minh Quang Tran; Charles J. Cordes; W. Scott Long, III; Susan M. Long; Chia Pao Xiong; Ying Xiong; Brad Everett; Lily Everett; Stacey R. Becklund, individually and as personal representative of the estate of Robert C. Anderson; Chad W. Everett; Robert J. Schumacher; Tim Gallagher; and Shannon E. Gallagher, | Civil No. 12-590 (DWF/TNL) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Bank of America, N.A.; BAC Home Loans Servicing, LP; Mortgage Electronic Registration Services, Inc.; MERSCORP, Inc.; The Bank of New York Mellon; The Bank of New York Mellon Trust Company; Federal National Mortgage Association; and Federal Home Loan Mortgage Corporation, | |
| Defendants. | |

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Plaintiffs.

Alan H. Maclin, Esq., Mark G. Schroeder, Esq., and Benjamin E. Gurstelle, Esq., Briggs & Morgan, PA; Calvin P. Hoffman, Esq., and Timothy M. Kelly, Esq., Leonard Street and Deinard, PA, counsel for Bank of America, N.A.

Alan H. Maclin, Esq., Mark G. Schroeder, Esq., and Benjamin E. Gurstelle, Esq., Briggs & Morgan, PA, counsel for BAC Home Loans Servicing, LP, Mortgage Electronic Registration Services, Inc., MERSCORP, Inc., The Bank of New York Mellon, The Bank

of New York Mellon Trust Company, Federal National Mortgage Association, and Federal Home Loan Mortgage Corporation.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss Plaintiff Chad W. Everett's Claims brought by Bank of America, N.A. ("BOA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP Holdings, Inc. (f/k/a MERSCORP, Inc.) (Doc. No. 5); a Motion to Dismiss brought by Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") (Doc. No. 11); a Motion to Dismiss the Complaint brought by BOA, BAC Home Loans Servicing, LP ("BOAHLS"), MERS, MERSCORP, The Bank of New York Mellon, The Bank of New York Mellon Trust Company, and Federal National Mortgage Association ("Fannie Mae") (Doc. No. 8); and separate motions for sanctions brought by BOA, MERS, and MERSCORP (Doc. Nos. 31, 32, & 33). For the reasons set forth below, the Court grants Defendants' motions to dismiss and the motions for sanctions.

## BACKGROUND

Plaintiffs are twenty-three individual homeowners and loan borrowers who claim ownership in fourteen different properties located in Minnesota. (Doc. No. 1, Ex. 1, Compl. ¶¶ 1-14.) Plaintiffs each took out loans that were secured by mortgages on their properties. (*Id.*)

Plaintiffs assert that the mortgages against their respective homes are invalid and voidable. (*Id.* ¶ 28.) In particular, Plaintiffs allege that they executed original promissory

2

notes and/or mortgages in favor of entities different from Defendants, who now claim the legal right to foreclose. (*Id*. ¶ 29.) Plaintiffs further allege that each of their notes and mortgages was assigned to the corpus of a trust underlying a mortgage-backed security, and that those assignments were not endorsed, executed, or recorded as required. (*Id.* ¶¶ 31-36.) Plaintiffs claim that the chain of title to each of their mortgages is thus "broken," that Defendants have no right, title, or interest in Plaintiffs' properties, and that Defendants have falsely asserted the power of sale pursuant to each of Plaintiffs' mortgages. (*Id.* ¶¶ 37, 43-56.)

Plaintiffs initially filed suit in Ramsey County District Court on or around February 15, 2011. (Compl.) In their Complaint, Plaintiffs assert four causes of action: Count I—Quiet Title; Count II—Declaratory Judgment (alleging that parties other than Defendants have legal title to Plaintiffs' notes and mortgages); Count III—Declaratory Judgment (seeking declarations as to the rights and obligations under the original notes and mortgages); and Count IV—Slander of Title. (Compl.) The case was removed to this Court on March 6, 2012, based on diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. No. 1.) Defendants now move to dismiss all of Plaintiffs' claims in the Complaint.

## DISCUSSION

### I. Motions to Dismiss

#### A. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th

Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**B.** **Rule 8**

Defendants argue that Plaintiffs' Complaint violates Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," it does

4

demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Plaintiffs' Complaint asserts four causes of action involving twenty-three Plaintiffs, fourteen mortgage loans, and eight Defendants. Plaintiffs' Complaint, however, fails to provide any facts establishing the current status of the loans or the status of any foreclosure proceedings (i.e., when a notice of foreclosure sale was published, when a foreclosure sale is scheduled to occur, whether the mortgages have been foreclosed upon, or whether the statutory redemption period has expired for any properties already sold). In addition, the Complaint contains very few factual allegations regarding each Defendant's purportedly wrongful conduct and instead contains numerous factual allegations and claims that are asserted without any differentiation among the Defendants. The Complaint also fails to specify which Plaintiff is asserting which claims against which Defendant. The Court concludes that such pleading is inadequate and that Rule 8 requires greater specificity than that found in Plaintiffs' Complaint. *See, e.g.*, *Liggens v. Morris*, 749 F. Supp. 967, 971 (D. Minn. 1990). Thus, this case is properly dismissed under Rule 8.[1] Even so, the Court considers alternative grounds for dismissal below.

---

[1] It also appears that Plaintiffs lack standing. To have standing under Article III of the Constitution, a plaintiff must allege (1) a concrete injury in fact, (2) that is fairly traceable to the challenged action, and (3) that is likely to be redressed by the relief sought. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Here,

(Footnote Continued on Next Page)

5

### C. Claims Against Defendants

At the heart of all of Plaintiffs' claims is the allegation that Defendants do not have legal title to Plaintiffs' original notes, and do not have a right, title, or interest in Plaintiffs' properties. In essence, Plaintiffs argue that Defendants do not possess the original promissory notes secured by Plaintiffs' respective mortgages and thus cannot enforce the notes through acceleration and a foreclosure sale. (*See, e.g.*, Compl. ¶¶ 43-56.) The Minnesota Supreme Court, the Eighth Circuit Court of Appeals, this Court, and other courts in this District have already considered and rejected this argument. *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 500-01 (Minn. 2009) (holding that a mortgagee with legal title is not required to have any interest in the promissory note to foreclose by advertisement); *Stein v. Chase Home Finance, LLC*, 662 F.3d 976, 980 (8th Cir. 2011) ("[T]he right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the

---

(Footnote Continued From Previous Page)

Plaintiffs do not allege sufficient facts with respect to the status of each loan and the related foreclosure proceedings, and thus the Court cannot determine whether there is a viable controversy between the parties, let alone one that can be redressed by the relief sought. *See, e.g., Tully v. Bank of Am., N.A.*, Civ. No. 10-4734, 2011 WL 1882665, at *5-6 (D. Minn. May 17, 2011); *see also Sovis v. Bank of New York Mellon*, Civil No. 11-2253, 2012 WL 733758, at *4-5 (D. Minn. Mar. 6, 2012) (noting that the plaintiff's failure to identify a causal nexus between the challenged mortgage assignments and her injuries evidenced a lack of standing); *Karnatcheva v. JPMorgan Chase Bank, N.A.*, Civil No. 11-3452, 2012 WL 1657531, at *6 (D. Minn. May 11, 2012) ("Plaintiffs have no standing to assert any breaches of the [Pooling and Servicing Agreements], as they are not parties or third-party beneficiaries to such agreements.").

mortgage."); *Butler v. Bank of Am.*, Civil No. 11-461, 2011 WL 2728321, at *6 (D. Minn. July 13, 2011); *Welk v. GMAC Mortgage, LLC*, Civil No. 11-2676, 2012 WL 1035433, at *6 (D. Minn. Mar. 29, 2012); *Jerde v. JPMorgan Chase Bank, N.A.*, Civil No. 11-2666, 2012 WL 206271, at *3 (D. Minn. Jan. 24, 2012); *Murphy v. Aurora Loan Servs., LLC*, Civil No. 11-2750, 2012 WL 104543, at *3 (D. Minn. Jan. 12, 2012); *Kraus v. CitiMortgage, Inc.*, Civil No. 11-3213, 2012 WL 1581113, at *3 (D. Minn. May 4, 2012) *Vang v. PNC Mortgage, Inc.*, Civil No. 11-3741, 2012 WL 2005398, at *3 (D. Minn. June 5, 2012); *Johnson v. Deutsche Bank Nat'l Trust Co.*, Civil No. 12-445, 2012 WL 2119258, at *2-3 (D. Minn. June 11, 2012); *Adorno v. Citi Mortgage, Inc.*, 2012 WL 2395322, at *4 (D. Minn. June 25, 2012).

As previously explained in the above cases, it does not matter whether Defendants can establish that they hold the promissory notes. Moreover, to the extent Plaintiffs argue that the chain of title to their mortgages is somehow "broken" (Compl. ¶ 37), such claims have also been rejected. *See Karnatcheva*, 2012 WL 1657531, at *5. Plaintiffs have not alleged facts that would show that any Defendant was not the record owner of any mortgage at the time it initiated any foreclosure by advertisement. Nor have Plaintiffs alleged any specific facts that would demonstrate a defect in any of the mortgage instruments or specific facts or law that would call into question any assignment of a mortgage in this action.

For these reasons, Plaintiffs cannot establish that Defendants were not entitled to foreclose. Because all of Plaintiffs' claims against Defendants are based on the same discredited legal argument, they are all properly dismissed with prejudice.

**II.    Motions for Sanctions**

BOA, MERSCORP, and MERS all move for Rule 11 sanctions against Plaintiffs' attorney, William B. Butler, and his law firm, Butler Liberty Law, LLC.  (Doc. Nos. 31, 32, and 33.)  Rule 11(b) of the Federal Rules of Civil Procedure requires an attorney to certify to the court that his client's "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).   In determining whether Rule 11 has been violated, a court determines whether a reasonable and competent attorney would believe in the merit of an argument.  *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003).  An attorney who violates Rule 11 may be sanctioned.  Fed. R. Civ. P. 11(c)(1).  A sanction under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).

Here, the Court concludes that sanctions are warranted because Butler is again attempting to assert the consistently rejected "show me the note" legal theory, along with similarly baseless quiet title and slander of title claims.  *See, e.g.*, *Jackson,* 770 N.W.2d at 500-01; *Stein,* 662 F.3d at 980; *Welk,* 2012 WL 1035433, at *21 n.14.  In spite of clear, binding precedent to the contrary, Butler continues to file cases based on these legal arguments.  Moreover, Butler has already been sanctioned for bringing similar claims.  *See, e.g., Welk*, 2012 WL 1035433, at *26–27 (assessing $50,000 in sanctions).  Given Butler's continued insistence on filing and litigating the same claims based on consistently rejected legal theories, the Court finds that sanctions here are warranted in

the amount of reasonable attorney fees and other expenses incurred by BOA, MERS, and MERSCORP in litigating this case.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' respective motions to dismiss (Doc. Nos. [5], [8], & [11]) are **GRANTED**.

2. Plaintiffs' Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

3. BOA's, MERSORPS's, and MERS' Motions for Sanctions (Doc. Nos. [31], [32] & [33]) are **GRANTED**.

4. Pursuant to Fed. R. Civ. P. 11, attorney William Butler shall reimburse BOA, MERSCORP, and MERS in the amount of their reasonable attorney fees and expenses incurred in litigating this action. Within fourteen (14) days of the date of this Order, BOA, MERSCORP, and MERS shall submit affidavits in support of the attorney fees and expenses incurred. Within one week from the date that Defendants submit their affidavits in support of attorney fees and expenses, Plaintiffs' counsel will be permitted to file a response, limited to the issue of the reasonableness of the requested amount of attorney fees and costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 20, 2012       s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge